UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Blackout Management LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| v. ) | No. 1:25-cv-04584-WMR |
| ) | |
| Christopher Young and Sacrifice ) | |
| Management, LLC, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |
| ) | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants Christopher Young ("Young") and Sacrifice Management, LLC ("Sacrifice") file this brief in support of their Motion to Dismiss Plaintiff Blackout Management LLC's ("Plaintiff") Complaint, respectfully showing as follows:

**INTRODUCTION**

Plaintiff's Complaint asserts claims against Defendants, who are both New Jersey residents, based on business dealings regarding a music festival taking place in Baltimore, Maryland. Defendants do not conduct the requisite business in Georgia, derive substantial revenue from business in Georgia, or maintain sufficient minimum contacts with this forum to be subject to personal jurisdiction here. Defendants respectfully submit that this Court does not have personal jurisdiction

1

over them and that this Court is not the proper venue for this action. Defendants' motion seeks the dismissal of Plaintiff's Complaint on those grounds.

## FACTUAL ALLEGATIONS[1]

Plaintiff is a Georgia limited liability company whose sole member and owner is Gwinnett County resident Nicola Blandon. Dkt. 1 (Plaintiff's Complaint), ¶ 8. Plaintiff maintains its principal place of business in Gwinnett County, Georgia. *Id*. Plaintiff is an entertainment company which focuses on, among other things, live events. *Id*., ¶ 14. Plaintiff provides talent management services for live festivals and events, including both talent procurement and onsite talent management. *Id*.

Since 2016, Plaintiff has been the main music organizer for the AFRAM Festival (the "Festival"). *Id*., ¶ 15. The Festival occurs every summer in Baltimore's Druid Hill Park and draws over 150,000 people per day. *Id*. In organizing the Festival, Plaintiff reached out to Defendants to assist while they were working another festival in September of 2024. *Id*., ¶ 16. Young is a resident of Pomona, New Jersey. *Id*., ¶ 9. He is the sole member and owner of Sacrifice, a foreign limited liability company organized under the laws of New Jersey, where it also maintains its principal place of business. *Id*., ¶ 10. Blandon also included non-parties Brian

---

[1] Defendants do not accept these allegations as true. However, for purposes of this motion, all well-pleaded facts must be accepted as true, while unsupported legal conclusions may be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Dickens and BD Management, Inc. in the Festival planning process. *Id*. ¶ 17. Blandon and Young have worked together since 2018. *Id*., ¶ 18.

Blandon, Dickens, and Young began discussions regarding the planning of the Festival. *Id*., ¶ 19. When Plaintiff's plans to secure a particular headliner fell through, Young suggested that they book an artist known as Doechii as a headliner for the Festival and that an artist known as SiR also be booked as a performer. *Id*., ¶ 20. Doechii and SiR are both artists with Top Dawg Entertainment ("TDE"), a record label and management firm. *Id*. In furtherance of his efforts to book Doechii and SiR, Young contacted the artists' agent at William Morris Endeavor to inquire about booking them. *Id*., ¶ 21. However, Young later told Blandon that he could book Doechii and SiR directly through TDE. *Id*., ¶ 22.

Young told Blandon that Plaintiff would need to transfer half the deposit for Doechii and SiR, which totaled $187,500, to him by December 23, 2024, so he could send the necessary funds to TDE before the holidays. *Id*. Plaintiff ultimately transferred the $187,500 deposit to Sacrifice on December 23, 2024. *Id*., ¶ 25. Plaintiff also built out a roster of supporting acts that Plaintiff and Dickens would be responsible for securing. *Id*., ¶ 23. Plaintiff requested Young provide promotional artist materials, performance contracts, and riders. *Id*., ¶ 26.

Young did not provide the materials upon Blandon's request. *Id.*, ¶ 27. Each time Blandon followed up with Young, he was unable to provide the materials and offered various explanations for the delay. *Id.*, ¶¶ 27-29. Ultimately, on March 10, 2025, Young informed Blandon and Dickens that he could not secure Doechii and SiR for the Festival. *Id.*, ¶ 30. Blandon later learned that Young did not speak with TDE regarding Doechii and had only preliminary conversations regarding SiR. *Id.*, ¶ 31.

Plaintiff was forced to secure different headliners for the Festival. *Id.*, ¶ 32. This caused Plaintiff additional expense and harmed its relationship with TDE. *Id.* Plaintiff made repeated demands that Defendant refund the $187,500 deposit, but the deposit was never returned. *Id.*, ¶¶ 34-35. The parties entered into an agreement regarding payment of the deposit, but Defendants failed to make payment of the agreed-upon amount. *Id.*, ¶ 36-37. The parties then entered into a subsequent agreement, but Defendants again failed to make payment of the agreed-upon amount. *Id.*, ¶¶ 40-41.

## RELEVANT PROCEDURAL HISTORY

Plaintiff filed its Complaint [Dkt. 1] against Defendants with this Court on August 13, 2025. Plaintiff did not assert claims regarding enforcement of the alleged agreements entered into with Defendants regarding repayment of the deposit but

4

does assert claims for fraud, negligent misrepresentation, conversion, money had and received, unjust enrichment, punitive damages, and attorney's fees. Plaintiff contends this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 given the diversity of citizenship between Plaintiff and each Defendant and the amount in controversy exceeding $75,000. *Id*., ¶ 11. Plaintiff alleges this Court has personal jurisdiction over Defendants pursuant to O.C.G.A. § 9-10-91. *Id*., ¶ 12. Plaintiff further alleges that venue is proper with this Court under 28 U.S.C. § 1391(b)(2) given that a substantial number of events or omissions giving rise to Plaintiff's claims purportedly occurred here. *Id*., ¶ 13.

## **LEGAL STANDARD**

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257-58 (11th Cir. 2010), quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). "The Due Process Clause protects an individual's liberty interest in not being subject to binding judgments imposed by foreign sovereigns." *Id*. at 1267. "[T]he foreseeability that is critical to due process analysis ... is that the defendant's

conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985), quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Personal jurisdiction may be exercised "over only those who have established certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Diamond Crystal Brands, Inc.*, 593 F.3d at 1268, quoting *Helicopteros Nacionales de Colombia S.A. v. Hall,* 466 U.S. 408, 414 (1984) (internal quotation omitted). Analyzing a parties' minimum contacts with a forum is "immune to solution by checklist." *Diamond Crystal Brands, Inc.*, 593 F.3d at 1267-1268, quoting *Sloss Indus. Corp. v. Eurisol,* 488 F.3d 922, 925 (11th Cir. 2007).

"A civil action may be brought in … a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).

## ARGUMENT & CITATION TO AUTHORITIES

### A. This Court lacks personal jurisdiction over Defendants.

The exercise of personal jurisdiction over Defendants must satisfy Georgia's Long Arm Statute and comport with applicable due process considerations. *Diamond*

6

*Crystal Brands, Inc.*, 593 F.3d at 1257-58. Here, Defendants did not, and do not, maintain sufficient minimum contacts to satisfy Georgia's Long Arm Statute or the necessary due process considerations. Accordingly, Plaintiff's Complaint should be dismissed.

### 1. *Plaintiff's Complaint fails to allege that exercising personal jurisdiction over Defendants is appropriate under the Georgia Long Arm Statute.*

Georgia courts may exercise personal jurisdiction over nonresidents if, among other avenues, the applicable nonresident "[t]ransacts any business within the state," or "[c]ommits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." O.C.G.A. §§ 9-10-91(1) and (3). Plaintiff contends that both above-cited circumstances apply to Defendants (*see* Dkt 1, ¶ 12), but its Complaint fails to adequately plead such circumstances.

In ruling on this motion, all well-pleaded facts must be accepted as true, but the Court should disregard "legal conclusions" that are not "supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts "are 'not required to admit as true [any] unwarranted deduction of fact.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1294 (11th Cir. 2010), quoting *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009). Plaintiff's Complaint relies almost entirely on

conclusory legal statements in its effort to establish this Court's personal jurisdiction over Defendants. The Court should disregard those conclusory statements and instead focus on the substance of Plaintiff's allegations.

Plaintiff first alleges that Defendants "transact significant, persistent business within this state" (Dkt 1, ¶ 12), seeming to travel under O.C.G.A. § 9-10-91(1) in alleging personal jurisdiction over Defendants. "Interpreted literally, 'transacts any business' requires that the 'nonresident defendant has purposefully done some act or consummated some transaction in [Georgia].'" *Diamond Crystal Brands, Inc.*, 593 F.3d at 1264, quoting *Aero Toy Store, LLC v. Grieves*, 279 Ga. App. 515, 517 (2006) (internal quotation omitted). However, Plaintiff's Complaint fails to plausibly allege that Defendants transacted business within Georgia.

Taken as true, Plaintiff's Complaint alleges that it and Defendants worked together "for many years," without detailing the category or location of work performed over those years. Dkt 1, ¶ 12. Plaintiff further alleges that the parties worked together on the Festival, which was to take place in Baltimore. Dkt 1, ¶¶ 15-17. Plaintiff contends Defendants worked to secure Doechii and SiR as performers at the Festival but makes no allegation that these performers are based in, or have any connection to, Georgia. *Id.*, ¶ 20. Defendants contacted various representatives of the chosen performers, but none of those representatives are alleged to be in, or

8

have any connection to, Georgia. *Id.*, ¶¶ 21, 28, 31. Even the deposit paid to Defendants was paid for the purpose of securing nonresident artists' performances at a festival in Baltimore, Maryland. *Id.*, ¶ 25.

The only alleged connections to this forum are the residencies of Plaintiff and Blandon, who is not currently a party to this action, in Gwinnett County, Georgia. *Id.*, ¶ 8. As discussed in section A.2 *infra*, "neither merely contracting with a forum resident nor the forum resident's unilateral acts can establish sufficient minimum contacts" for due process considerations. *Diamond Crystal Brands, Inc.*, 593 F.3d at 1264. Defendants respectfully submit that New Jersey residents working with a Georgia entity to secure nonresident performers for the Festival taking place in Baltimore does not constitute transacting business within this state. Thus, Plaintiff's Complaint does not sufficiently allege that this Court's exercise of personal jurisdiction over Defendants is appropriate under O.C.G.A. 9-10-91(1).

Plaintiff also seeks to confer personal jurisdiction via O.C.G.A. § 9-10-91(3) in alleging that Defendants committed a tortious injury in Georgia where Defendants allegedly "regularly do or solicit business and/or derive substantial revenue from services rendered in this state." Dkt 1, ¶ 12. However, in support of this conclusory allegation, Plaintiff offers more conclusory statements that fail to demonstrate Defendants regularly conducting or soliciting business in Georgia. For example,

9

Plaintiff alleges Defendant has worked with it "for many years," without alleging where the work occurred, what Plaintiff's residency was at the time of such work, or the value derived from the work. *Id*., ¶ 12. Plaintiff further alleges that it and Young began working together in 2018, without making any allegation regarding Sacrifice, but again fails to allege how that work connects Defendants to this forum, if at all. *Id*., ¶ 18. Plaintiff makes no further allegations regarding Defendants' alleged regular conduction or solicitation of business in Georgia and similarly fails to identify any substantial revenue stream derived from such business. Plaintiff's allegation that Defendants' regularly conduct business in Georgia and derive substantial revenue from that business is a "legal conclusion[]" that is not "supported by factual allegations" and should therefore be disregarded by this Court. *Iqbal*, 556 U.S. at 678.

Plaintiff's conclusory assertion that exercising personal jurisdiction over Defendants is proper under O.C.G.A. §§ 9-10-91(1) and (3) is unsupported by the remaining allegations of the Complaint. Because it is not appropriate under the Georgia Long Arm Statute, the Court should decline to exercise personal jurisdiction over Defendants in this matter and dismiss Plaintiff's Complaint.

Even assuming *arguendo* that exercising personal jurisdiction over Defendants is appropriate under the Georgia Long Arm Statute, Plaintiff's

Complaint fails to allege sufficient minimum contacts to pass the requisite due process analysis.

### 2. *Exercising personal jurisdiction does not comport with applicable due process considerations.*

Even if exercising personal jurisdiction is found to be appropriate under the Georgia Long Arm Statute, the Court must also determine that the exercise of such personal jurisdiction over Defendants does "not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Diamond Crystal Brands, Inc.*, 593 F.3d at 1257-58. Personal jurisdiction may only be exercised over "those who have established 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 1268, quoting *Helicopteros Nacionales de Colombia S.A.,* 466 U.S. at 414 (internal quotation omitted). "The heart of this protection is fair warning—the Due Process Clause requires 'that the defendant's conduct and connection with the forum State [be] such that he should reasonably anticipate being haled into court there.'" *Diamond Crystal Brands, Inc.*, 593 F.3d at 1267, quoting *Burger King Corp.*, 471 U.S. at 474 (internal quotation omitted). Here, Plaintiff fails to allege that Defendants have maintained sufficient minimum contacts with this forum such that they should reasonably anticipate being sued here.

Plaintiff's Complaint does little to demonstrate any connection of Defendants to this forum. The subject matter of the Complaint centers around securing the services of musical artists, who are not alleged to be Georgia residents or otherwise connected to this forum, for performances at a Festival taking place in Baltimore, Maryland. *See, generally,* Dkt 1. In seeking to establish Defendants' contacts with this forum, Plaintiff alleges that Defendants have worked with it "for many years" and that "Blandon and Young started working together in 2018" regarding the booking of an artist Young was managing at the time *Id.*, ¶¶ 12, 18. However, as discussed in Section A.1 *supra*, Plaintiff makes no further allegations regarding these conclusory statements. Plaintiff does not allege that the work they performed together occurred in Georgia, that the artist Plaintiff sought to book had any connection to Georgia, or that the work performed was even intended or considered to have some tangential impact in this forum.

Instead, Plaintiff's Complaint makes clear that Defendants are New Jersey residents and that Sacrifice maintains its principal place of business there. *Id.*, ¶¶ 9, 10. Further, the Festival for which Defendants were providing their services was to occur in Baltimore, Maryland. *Id.*, ¶ 15. The individuals and entities other than Plaintiff with whom Defendants communicated in furtherance of the Festival are not alleged to have any connection to Georgia. *Id.*, ¶¶ 17, 20, 21. Importantly, the

Complaint concedes that Plaintiff, not Defendants, initiated discussions regarding Defendants providing their services for the Festival. *Id*., ¶ 16. Save for the conclusory allegations addressed above, Plaintiff's Complaint makes no allegations regarding Defendants' alleged contacts with Georgia or their alleged ongoing business endeavors in this state.

The Court's "minimum contacts analysis is 'immune to solution by checklist.'" *Sloss Industries Corp v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007), quoting *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 499 (5th Cir. 1974) (overruled on other grounds). Instead, the Court follows "a 'highly realistic approach' that focuses on the substance of the transaction: prior negotiations, contemplated future consequences, the terms of the contract, and the actual course of dealing." *Diamond Crystal Brands, Inc.*, 593 F.3d at 1268, quoting *Burger King Corp.*, 471 U.S. at 479. Courts look at various factors when considering whether personal jurisdiction exists, including, without limitation, who initiated the relationship, visits to the forum, repeated business within the forum, and negotiating the terms of the relationship via communications with the plaintiff. *Diamond Crystal Brands, Inc.*, 593 F.3d at 1268-69.

Here, the transaction at issue involved securing musical talent for the Festival in Baltimore. While Plaintiff makes generalized, conclusory allegations about prior

13

work performed with Defendants (*see, e.g.,* Dkt 1, ¶¶ 12, 18), there are no factual allegations regarding any connection of such work to Georgia or this specific forum. Further, it was Plaintiff, not Defendants, who initiated discussions about Defendants providing their services in furtherance of the Festival in Baltimore. *Id.*, ¶ 16. Plaintiff's Complaint makes no allegations that Defendants made any visits to Georgia or this forum, whether in furtherance of the Festival or otherwise. Defendants' only alleged connection to this forum is that Plaintiff resides herein.

However, "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285. "[M]ere injury to a forum resident is not a sufficient connection to the forum." *Id.* at 290. Lastly, "it is settled that entering a contract with a citizen of another state [as Defendants effectively did with Plaintiff], standing alone, does not automatically satisfy the minimum contacts test." *Diamond Crystal Brands, Inc.*, 593 F.3d at 1268.

When performing the minimum contacts analysis, it becomes clear that Defendants have little, if any, connection to this forum beyond Plaintiff's residency here. Any connection Defendants are found to have with this forum is not sufficient to "fairly sa[y]" that they "should reasonably anticipate being haled into court" here. *Burger King Corp.*, 471 U.S. at 486, quoting *World-Wide Volkswagen Corp.*, 444 U.S. 297. Even if this Court's exercise of personal jurisdiction over Defendants is

appropriate under the Georgia Long Arm Statute, it still fails to comport with applicable due process considerations and is therefore improper. Accordingly, Plaintiff's Complaint must be dismissed.

### B. Venue is not proper with this Court.

Plaintiff alleges that venue is proper with this Court under 28 U.S.C. § 1391(b)(2) because "it is the judicial district in which a substantial number of the events or omissions giving rise to these claims occurred." Dkt 1, ¶ 13. However, the remaining factual allegations in Plaintiff's Complaint demonstrate that the issues complained of occurred outside this forum. Defendants are each New Jersey residents. *Id.*, ¶¶ 9, 10. The Festival at issue takes place in Baltimore, Maryland. *Id.*, ¶ 16. Plaintiff does not allege that the sought-after performers or their representatives have any connection with Georgia. *Id.*, ¶¶ 20, 21. The work performed by Defendants was performed at Plaintiff's request and in furtherance of the Festival in Baltimore. *Id.*, ¶¶ 16, 17, 19-21. Clearly, a substantial number of the acts or omissions giving rise to the claims alleged occurred and were directed outside of this judicial district, not within it. For these reasons, venue is not proper with this Court, and Plaintiff's Complaint should be dismissed.

### C. Alternate request for relief.

Should the Court decline to dismiss Plaintiff's Complaint, Defendants respectfully and alternatively request that this matter be transferred, pursuant to 28 U.S.C. § 1404(a), to either the United States District Court for the District of Maryland, Northern Division (i.e., the judicial district in which the Festival was to have occurred) or the United States District Court for the District of New Jersey (i.e., where Defendants reside).

### **CONCLUSION**

For the above reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's Complaint without prejudice due to a lack of personal jurisdiction and improper venue. Alternatively, Defendants request that this matter be transferred to a more appropriate forum.

Respectfully submitted this 14th day of October, 2025.

Rozen, Rozen & Reilly, LLP

 /s/  *Jeffrey M. Reilly, Jr.*

248 Roswell Street NE  
Marietta, GA 30060  
770-427-7004 – t  
jreilly@rozenandrozen.com

Jeffrey M. Reilly, Jr.  
Georgia Bar No. 303359  
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2025, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

                                           */s/ Jeffrey M. Reilly, Jr.*
                                           Jeffrey M. Reilly, Jr.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing complies with the font and point selection approved by this Court in Local Rule 5.1(B). This paper was prepared on a computer using Times New Roman 14-point font.

                                           */s/ Jeffrey M. Reilly, Jr.*
                                           Jeffrey M. Reilly, Jr.